UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE LOPEZ,

        Plaintiff,

  v.

CORRECTIONAL MEDICAL SERVICES, et al.,

        Defendants.

Civil Action
No. 04-2155(NLH)

**OPINION**

**APPEARANCES**:
MARK FROST
ZEFF & FROST
430 ROUTE 70 WEST
CHERRY HILL, NJ 08002
*Attorney for Plaintiff*

EMILY KAPLAN MURBARGER
MARK B. FROST & ASSOCIATES
PIER 5 AT PENN'S LANDING
7 N. COLUMBUS BOULEVARD
PHILADELPHIA, PA 19106
*Attorney for Plaintiff*

GARY J. LESNESKI
JEFFREY M. SCOTT
KERRI E. CHEWNING
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
PO BOX 3000
HADDONFIELD, NJ 08033-0968
*Attorney for Defendants Correctional Medical Services, Inc., Louis Tripoli, William Andrade, M.D. James J. Neal, M.D., James Ruman, R.N., Rock Welch and Abu Ahsan, M.D.*

DIANNE M. MORATTI
DANIEL MICHAEL VANNELLA
OFFICE OF NJ ATTORNEY GENERAL
RICHARD J. HUGHES JUSTICE COMPLEX
PO BOX 112
TRENTON, NJ 08625
*Attorneys for Defendants Devon Brown, Charles Leone, Warden, Southern State Correctional Facility, Warden, New Jersey State Prison*

FRANKLIN LEWIS FLACKS
ROTTKAMP & FLACKS, ESQS.
795 PARKWAY AVENUE
SUITE A-6, LEXINGTON MEWS
TRENTON, NJ 08618
*Attorney for St. Francis Hospital*

**HILLMAN, District Judge**

This matter has come before the Court on Plaintiff's motion for reconsideration of the Court's June 30, 2009 Opinion granting in part and denying in part Defendants' motions for summary judgment.

Defendants oppose Plaintiff's motion, arguing that it is untimely filed, and, consequently, cannot be considered. Defendants also argue that even if Plaintiff's motion is considered, Plaintiff has not articulated a proper basis for reconsideration. For the reasons expressed below, Plaintiff's motion for reconsideration is denied.

**A.   Background**

This case involves the claims of Plaintiff, Jose Lopez ("Lopez"), who alleges that Defendants were deliberately indifferent to his medical needs. Among other claims, Lopez contends that Defendants failed to abide by FBOP guidelines for screening prisoners for hepatitis C ("HCV"), failed to review or receive medical records from St. Francis Hospital that indicated "Hepatitis C reactive", and failed to discharge contractual obligations that required a medical evaluation or review of medical records upon a prisoner's transfer.

Previously, Defendants moved for summary judgment.  In the Court's June 30, 2009 Opinion, we granted the motions for summary judgment made by Defendants Devon Brown, Charles Leone, Warden, Southern State Correctional Facility, and Warden, New Jersey State Prison (the "State Defendants") and Correctional Medical Services, Inc., Louis Tripoli, William Andrade, M.D., James J. Neal, M.D., James Rumna, R.N., Rock Welch, and Abu Ahsan, M.D. (the "CMS Defendants") and granted in part and denied in part Defendant St. Francis Hospital's motion for summary judgment on Plaintiff's claims.  Lopez seek reconsideration of the Court's decision to grant summary judgment.

**B.   Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration.  It provides, in pertinent part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and a judgment may only be altered or amended if the party seeking reconsideration shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. Reconsideration is an extraordinary remedy and should only be granted "sparingly." P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001).

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. Id. at 352.  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process. S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**C.   Analysis**

Lopez's motion for reconsideration is untimely. Untimeliness alone may constitute grounds for denial of a motion for reconsideration. *See* United States ex rel. Malloy v. Telephonics Corp., 68 Fed. Appx. 270, 274 n. 6 (3d Cir. 2003). As discussed *supra*, per Local Rule 7.1(i), a motion for reconsideration must be filed within 10 business days after the

entry of an order or judgment on the original motion by the Judge. L. Civ. R. 7.1(i).

Lopez requests we reconsider our June 30, 2009 Opinion. Lopez, however, did not file his motion for reconsideration until January 5, 2010, making it untimely not by a day or even a month, but by almost half a year.  Even if we date the motion from the time leave was sought to file it (November 17, 2009) the motion is absent of any explanation for why the motion was not filed within the prescribed ten day period. *See* Morris v. Siemens Components, 938 F. Supp. 277, 278 (D.N.J. 1996) (opining that dismissal for untimeliness was appropriate because plaintiff did not abide by the ten day filing requirement or offer an explanation for her failure to file in a timely fashion). Lopez's motion was grossly untimely and did not demonstrate any extraordinary measures for relaxation of the rule.  It will therefore be dismissed.

Even if we excuse the tardiness of Lopez's motion, the Court's decision would not be different.  Lopez contends that the State Defendants both had access to and failed to review his medical records containing the HSC diagnosis.  Although this Court has already concluded that plaintiff failed to proffer sufficient evidence for a factfinder to conclude that Lopez's medical files pertaining to his HSC diagnosis were ever in the possession of State Defendants, Lopez submits a letter stating otherwise.  This December 18, 2009 letter from Dr. Bennet Cecil

claims that "[t]he doctors and hospital did send it [the HCV test results] along to the prison and the prison knew that Mr. Lopez had been in the hospital. The prison physician should have called and obtained the discharge summary. . . . These records were given to the Department of Corrections." Doc. 130-7 (Pl. Ex. O).

Lopez's reliance upon this letter as new facts or newly discovered evidence is erroneous. For purposes of reconsideration, new evidence is not evidence that a party submits or obtains after an adverse ruling, but rather new evidence constitutes evidence that a party could not submit to the court because it was not previously available. *See* Howard Hess Dental Lab. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 -252 (3d Cir. 2010) (concluding that denial of the motion for reconsideration was appropriate because "the stated aim of the Plaintiff's motion was to submit the very evidence the District Court had found they had failed to present in their summary judgment motion"). Nothing in Dr. Cecil's letter suggests that the information provided was previously unavailable. The proffered evidence also constitutes hearsay. Dr. Cecil does not offer any direct knowledge or explain the basis for his claim that Lopez's records were within the control of the State. Consequently, his claim does not meet the standard of review for a motion for reconsideration.

Lopez also contends that Defendant CMS violated their

contract with the State when they failed to review Lopez's medical records or failed to conduct examinations on Lopez when he was transferred among prison facilities.

A motion for reconsideration is not the appropriate venue to raise new arguments not previously presented before the Court. <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 130 F.Supp.2d 610, 613 (D.N.J. 2001). Because Lopez never raised the aforementioned argument in his moving papers, the Court cannot consider it for this motion.

Any and all remaining arguments advanced in the Motion for Reconsideration are simply a re-argument of Lopez's motion in opposition of summary judgment and a disagreement with the Court's decision.

### D.  **CONCLUSION**

For the reasons expressed above, Lopez's motion for reconsideration is denied. An appropriate Order will be entered.


Date: September 27, 2010                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.