UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE LOPEZ, | : | |
| | : | Civil Action |
| Plaintiff, | : | No. 04-2155-NLH-KMW |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, Inc., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:
MARK FROST
ZEFF & FROST
430 ROUTE 70 WEST
CHERRY HILL, NJ 08002
*Attorney for Plaintiff*

EMILY KAPLAN MURBARGER
MARK B. FROST & ASSOCIATES
PIER 5 AT PENN'S LANDING
7 N. COLUMBUS BOULEVARD
PHILADELPHIA, PA 19106
*Attorney for Plaintiff*

GARY J. LESNESKI
JEFFREY M. SCOTT
KERRI E. CHEWNING
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
PO BOX 3000
HADDONFIELD, NJ 08033-0968
*Attorney for Defendants Correctional Medical Services, Inc., Louis Tripoli, William Andrade, M.D. James J. Neal, M.D., James Ruman, R.N., Rock Welch and Abu Ahsan, M.D.*

DIANNE M. MORATTI
DANIEL MICHAEL VANNELLA
OFFICE OF NJ ATTORNEY GENERAL
RICHARD J. HUGHES JUSTICE COMPLEX
PO BOX 112
TRENTON, NJ 08625
*Attorneys for Defendants Devon Brown, Charles Leone, Warden, Southern State Correctional Facility, Warden, New Jersey State Prison*

```
FRANKLIN LEWIS FLACKS
ROTTKAMP & FLACKS, ESQS.
795 PARKWAY AVENUE
SUITE A-6, LEXINGTON MEWS
TRENTON, NJ 08618
```
*Attorney for St. Francis Hospital*

This matter having come before the Court on Plaintiff's Motion to Substitute Parties [140]; and

It appearing that Plaintiff Jose Lopez died from complications of liver disease on September 1, 2008; and

The Court noting that on January 5, 2010, Plaintiff's counsel filed a Notice of Motion informing this Court of Plaintiff's death; and

The Court further noting that pursuant to Fed. R. Civ. P. 25(a)(1), an "action by or against [a] decedent must be dismissed," if a "motion is not made within 90 days after service of a statement noting the death" for substitution of the "decedent's successor or representative"; and

The Court further noting that only Plaintiff's successor or representative may substitute into this action under Fed. R. Civ. P. 25(a)(1); and

It further appearing that following an Order to Show Cause, dated March 11, 2010, Plaintiff's counsel, on March 19, 2010, filed a Motion to Substitute Parties, seeking to substitute Plaintiff's mother, Carmen Minney; and

The Court further noting that Plaintiff's counsel conceded

that "there may be a challenge to her appointment," and that Plaintiff's estate has not yet been opened; and

It further appearing that on August 12, 2010, this Court ordered "Plaintiff's counsel to submit an affidavit and supporting documentation demonstrating Ms. Minney's legal bona fides as successor or representative of Plaintiff's estate"; and

It further appearing that Plaintiff's family resolved all familial issues with respect to Ms. Minney acting as Administratrix of the Estate by deciding to appoint Plaintiff's son, Jose Miguel Lopez, as Administrator of the Estate; and

The Court finding that on August 23, 2010, the Surrogate of Cumberland County, New Jersey granted Jose Miguel Lopez Administration Ad Prosequendum of decedent, Plaintiff Jose Lopez; and

The Court further finding that per documentation timely submitted on September 3, 2010, that Jose Miguel Lopez is the legal bona fide successor or representative of Plaintiff's estate; and

The Court further noting that Plaintiff's counsel could have been more diligent with informing the Court of Plaintiff's death and moving for substitution; and

The Court further finding that the 90-day time period under Fed. R. Civ. P. 25(a)(1) does not commence until the party's death is "formally suggested on the record by the filing and

3

service of a written statement of the fact of death," Hawes v. Johnson & Johnson, 940 F. Supp. 697, 699 (D.N.J. 1996) (quoting Blair v. Beech Aircraft Corp., 104 F.R.D. 21, 22 (W.D. Pa. 1984), aff'd, 787 F.2d 580 (3d Cir.1986); *see* McKenna v. Pac. Rail Serv., 32 F.3d 820, 836 (3d Cir. 1994) (noting that upon a party's death "ideally his . . . attorney will file a 'suggestion of death' with the court," and only after the suggestion of death is filed or suggested on the record does the 90-day countdown commence); and

    The Court further finding that actual knowledge of a party's death by any or all parties or counsel is immaterial, Hawes, 940 F. Supp. at 699, and that the mere suggestion of death does not initiate or provide a time frame for purposes of Fed. R. Civ. P. 25, id.; *see* McKenna, 32 F.3d at 836; and

    The Court further finding that Plaintiff is under no time constraints to make a formal suggestion of death, Hawes, 940 F. Supp. at 700; and

    The Court further finding that Fed. R. Civ. P. 25(a)(1)'s 90-day timeliness requirement for substitution is satisfied because Plaintiff's Motion for Substitution was filed on March 19, 2010, which was within 90-days of January 5, 2010, when Plaintiff's counsel informed the Court of Jose Lopez's death,[1]

---

[1] Because the Court concludes that Plaintiff's Motion to Substitute Parties was filed within Fed. R. Civ. P. 25(a)(1)'s 90-day period, it does not need to address whether Plaintiff's

4

*see* Hawes, 940 F. Supp. at 700 ("[T]he 90 day period for substituting parties has not yet begun, as a formal suggestion of death, identifying the representative to be substituted, has not yet been filed"); and

The Court further finding that Defendants would not suffer any prejudice from this substitution because discovery on the newly substituted Plaintiff, Jose Miguel Lopez, is not necessary for the resolution for this matter and all dispositive motions have already been decided;

Therefore,

**IT IS HEREBY** on this 7th day of October, 2010

**ORDERED** that Plaintiff's Motion to Substitute Parties [140] is **GRANTED**, and it is further

**ORDERED** that the Clerk of the Court is directed to substitute Jose Miguel Lopez for Jose Lopez.

                                           s/ Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

Notice of Motion constituted the necessary notification of death to trigger the requirements of Fed. R. Civ. P. 25(a)(1). *See* Hawes, 940 F. Supp. at 699 ("In Blair [v. Beech Aircraft Corp.], the Third Circuit affirmed the district court, which held that mere reference to a party's death in either court proceedings or pleadings is insufficient to trigger the 90 day time period for filing a Rule 25(a) motion for substitution. . . . The mere reference to the death of [plaintiff] in plaintiffs' reply brief submitted in support of their class certification motion is insufficient to trigger the commencement of the 90 day time limit").